*Fee Paid*
*NP*
(5)

1  ANN MILLER RAVEL, County Counsel (S.B. #62139)
   DAVID M. ROLLO, Deputy County Counsel (S.B. #111998)
2  OFFICE OF THE COUNTY COUNSEL
   70 West Hedding, East Wing, 9th Floor
3  San Jose, California 95110-1770
   Telephone: (408) 299-5900
4  Facsimile: (408) 292-7240

**FILED**
2008 MAY 14  P 3: 34
**E-FILING**
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

**ADR**

5  Attorneys for Defendants
   COUNTY OF SANTA CLARA, SANTA
6  CLARA COUNTY SHERIFF'S
   DEPARTMENT, DEPUTY ENG, DEPUTY
7  ANDERSON and DEPUTY ROGERS

8                      UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                                      **C08    02473  PVT**

11 NICK MASTERS,                    )  No. Unassigned
                                    )
12          Plaintiff,              )  **NOTICE OF REMOVAL OF ACTION**
                                    )  **UNDER 28 U.S.C. 1441(b)**
13 v.                               )
                                    )  **(FEDERAL QUESTION) - DEMAND FOR**
14 COUNTY OF SANTA CLARA, SANTA )    **JURY TRIAL**
   CLARA COUNTY SHERIFF'S           )
15 DEPARTMENT, DEPUTY ENG,          )
   individually and in his capacity as a )
16 Deputy Sheriff for the County of Santa )
   Clara, DEPUTY ROGERS, individually )
17 and in his capacity as a Deputy Sheriff )
   for the County of Santa Clara, DEPUTY )
18 ANDERSON, individually and in his )
   capacity as a Deputy Sheriff for the )
19 County of Santa Clara, and DOES 1-25, )
                                    )
20          Defendants.             )
                                    )
21 _____ )

22          TO THE CLERK OF THE ABOVE ENTITLED COURT:

23          PLEASE TAKE NOTICE that defendants County of Santa Clara, Santa Clara County

24 Sheriff's Department, Deputy Eng, Deputy Anderson and Deputy Rogers hereby remove to this

25 Court the state court action described below.

26          1. On February 15, 2008 an action was commenced in the Superior Court of the State of

27 California in and for the County of Santa Clara, entitled *Nick Masters vs. County of Santa*

28 *Clara, et al.* as case number 108CV105971, a copy of which is attached hereto as Exhibit "A."

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Notice of Removal of Action Under 28 U.S.C.
1441(b)                                    -1-                              Unassigned

2. The first date upon which defendants received a copy of the Complaint was April 15, 2008, when defendant County was served with a copy of the Complaint and a Summons from the state court.  A copy of the Summons is attached hereto as Exhibit "B".

3. This action is a civil action of which this court has original jurisdiction under 28 U.S.C. 1331, and is one which may be removed to this Court by defendants pursuant to the provisions of 28 U.S.C. 1441(b) in that the allegations arise under the Fourth, Fifth, Eighth and Fourteenth amendments to the U.S. Constitution and the substantive and due process rights guaranteed thereunder.

4. Defendants are informed and believe that plaintiff alleges serious personal injuries as a result of defendants' alleged conduct, and has allegedly sustained general and special damages in excess of $75,000 in addition to claims for punitive damages and attorney fees.

5. All defendants who are named and/or have served with the Summons and Complaint are either subdivisions/departments of the County of Santa Clara or are/were employees of the County at all times relevant herein.  All defendants seek to remove this action to this Court.

DEMAND FOR JURY TRIAL

Defendants hereby demand a jury trial in this action.

Dated: May 14, 2008

Respectfully submitted,

ANN MILLER RAVEL
County Counsel

By: _____

DAVID M. ROLLO
Deputy County Counsel

Attorneys for Defendants
COUNTY OF SANTA CLARA, SANTA CLARA COUNTY SHERIFF'S DEPARTMENT, DEPUTY ENG, DEPUTY ANDERSON and DEPUTY ROGERS

126320.wpd

1  **TIMOTHY D. McMAHON, ESQ.**  SBN 117024
   **CORSIGLIA McMAHON & ALLARD** LLP
2  96 NORTH THIRD STREET, SUITE 620
   SAN JOSE, CALIFORNIA 95112
3  TELEPHONE: (408) 289-1417
   FAX: (408) 289-8127
4
   **ATTORNEYS FOR PLAINTIFF,**
5  NICK MASTERS

6

7

8              **IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                **IN AND FOR THE COUNTY OF SANTA CLARA**

10

11                                              1 0 8 C V 1 0 5 9 7 1

12  NICK MASTERS,
                                          No.
13                           Plaintiff,
                                          **COMPLAINT FOR DAMAGES FOR**
14       v.                               **VIOLATION OF CIVIL RIGHTS**

15  COUNTY OF SANTA CLARA, SANTA CLARA     [AMOUNT IN EXCESS OF $25,000]
    COUNTY SHERIFFS DEPARTMENT;
16  DEPUTY ENG, individually, and in his capacity   Jury Trial Demanded
    as a Deputy Sheriff for the COUNTY OF
17  SANTA CLARA; DEPUTY ANDERSON,
    individually, and in his capacity as a Deputy
18  Sheriff for the COUNTY OF SANTA CLARA,
    DEPUTY ROGERS, individually, and in his
19  capacity as a Deputy Sheriff for the COUNTY
    OF SANTA CLARA, and DOES 1-25, inclusive,
20
                             Defendants.
21

22

23

24       Plaintiff NICK MASTERS alleges:

25                    **GENERAL ALLEGATIONS**

26  1.    Plaintiff NICK MASTERS ("Plaintiff") is, and at all times relenant herein was, a

27  resident of the County of Santa Clara, State of California.

28

2.      Defendant COUNTY OF SANTA CLARA ("COUNTY") is a municipal corporation, duly organized and existing under the laws of the State of California. Under its authority, controls and operates the SANTA CLARA COUNTY SHERIFFS DEPARTMENT.

3.      At all times mentioned herein DEPUTY ENG ("ENG"), individually and in his capacity as a Deputy Sheriff for the COUNTY (Badge No. 1795), was employed by Defendant COUNTY as a Deputy Sheriff. He is sued herein individually and in his official capacity as a Deputy Sheriff for the COUNTY.

4.      At all times mentioned herein DEPUTY ANDERSON ("ANDERSON"), individually and in his capacity as a Deputy Sheriff for the COUNTY (Badge No. 1871), was employed by Defendant COUNTY as a Deputy Sheriff. He is sued herein individually and in his official capacity as a Deputy Sheriff for the COUNTY.

5.      At all times mentioned herein DEPUTY ROGERS ("ROGERS"), individually and in his capacity as a Deputy Sheriff for the COUNTY (Badge No. 1346), was employed by Defendant COUNTY as a Deputy Sheriff. He is sued herein individually and in his official capacity as a Deputy Sheriff for the COUNTY.

6.      The events which are the subject of this complaint took place in the County of Santa Clara, State of California.

7.      Defendant COUNTY is responsible for the actions, omissions, policies, procedures, practices and customs of its various agents and agencies, including the SANTA CLARA COUNTY SHERIFFS DEPARTMENT (hereinafter "DEPARTMENT") and its agents and employees, including those employees of the COUNTY.

8.      At all times relevant to the facts alleged herein, defendant COUNTY was responsible for assuring that the actions, omissions, policies, procedures, practices and customs of the DEPARTMENT and its employees and agents complied with the laws and the Constitution of the United States and of the State of California.

9.    Plaintiff is informed and believes and thereon alleges that Defendants sued herein as Does 1 through 25, are and were agents or employees of Defendant COUNTY and were at all relevant times acting in the course and scope of their employment and agency. Plaintiff alleges that each of the Defendants named as a "DOE" was in some manner responsible for the acts and omissions alleged herein, and Plaintiff will ask leave of this Court to amend the Complaint to allege such name and responsibility when that information is ascertained.

10.    In engaging in the conduct described herein, the Defendant Sheriffs Officer(s) acted under the color of law and in the course and scope of their employment with the COUNTY.  In engaging in the conduct described herein, Defendant Sheriffs officer(s) exceeded the authority vested in them as police officers under the United States and California Constitutions and as police officers employed by Defendant COUNTY.

11.    Whenever and wherever reference is made in this Complaint to any act by Defendants, such allegations and references shall also be deemed to mean the acts and failures to act of each Defendants individually, jointly or severally.

12.    Plaintiff has exhausted all available administrative remedies by timely filing a claim with Defendant pursuant to Government Code section 910 et seq.

## PRELIMINARY ALLEGATIONS

13.    This action is also brought under Title 42 U.S.C. § 1983, and the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution and pursuant to the general laws of the State of California.

14.    Plaintiff alleges that the conduct of each defendant deprived plaintiff of his constitutional right to due process and imposed cruel and unusual punishment in violation of plaintiff's civil rights under Title 42 U.S.C. § 1983, and the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution and the general laws of the State of California.

## FACTUAL ALLEGATIONS

15.    On or about January 2, 2007, Plaintiff suffered significant injuries after being beaten and wrongfully detained by defendant Deputies ENG, ANDERSON and ROGERS and DOES 1 to 25, while peaceably observing said Deputies chase a vehicle down a street believed to have been "stolen", stop said vehicle and then arrest and/or detain its occupants. To be clear, plaintiff had nothing to do with this vehicle and was merely watching the Sheriff Deputies perform their work while peaceably walking down the street, eating an orange, when, for no reason whatsoever, he was stopped and detained by a sheriff's deputy, interrogated as to his identity and place of residence, and then suddenly beaten from behind by one or more of the above-named officers. Plaintiff was then violently shoved to the ground, forcibly handcuffed, slammed repeatedly against a patrol car, and then physically dragged into one of the COUNTY's patrol vehicles at which time his head struck the top of the door opening. Plaintiff was then left handcuffed and imprisoned within the patrol vehicle for an extended period of time.

16.    Plaintiff repeatedly requested that the officers call a supervisor, but they refused leaving plaintiff wrongfully imprisoned within the patrol vehicle.

17.    Fortunately for plaintiff, some time later another deputy happened upon the scene who knew plaintiff. After plaintiff explained to this deputy what had happened, he was let out of the car, his handcuffs were removed, and he was "allowed" to leave the scene. No criminal charges were ever filed against Plaintiff.

18.    During the course of the above referenced unprovoked attack, plaintiff told the above-named deputies that he had a pre-existing disability, including serious pre-existing neck and back injuries that were only recently the subject of a surgical procedure. Despite being advised of plaintiff's pre-existing disabilities, Deputies ENG, ANDERSON and ROGERS and DOES 1 to 25, made no accommodation whatsoever, and, in fact, purposefully ignored Plaintiff's claims of disability and, instead, proceeded to physically beat and manhandle plaintiff as described herein above.

19.   Eventually Plaintiff was able to make it back to his home, but shortly thereafter he was required to call for an ambulance after exhibiting signs of distress and severe pain.  The next day plaintiff was seen by his treating surgeon who diagnosed significant exacerbation of plaintiff's pre-existing disabilities directly due to the physical beating plaintiff took at the hands of Deputies ENG, ANDERSON and ROGERS and DOES 1 to 25.

20.   Soon after the above-described incident, Plaintiff made a complaint with the COUNTY. Although plaintiff has received minimal information, and he is informed and believes that an internal investigation of this incident was conducted by the COUNTY and/or DEPARTMENT.  Plaintiff has not been advised as to the results of this investigation.

21.   Defendants' actions were intended to and did "shock the conscience" in that they acted with malice and with intent to harm plaintiff physically and/or to worsen his legal plight. The aforementioned conduct of Deputies ENG, ANDERSON and ROGERS and DOES 1 to 25, was malicious. wanton and was done without any just provocation or cause, proximately causing plaintiff damages.

22.   As a direct and proximate result of the wrongful conduct of defendants, as set forth above, Plaintiff has sustained special damages, including medical billings, loss of earnings, loss of earning capacity, and the cost of ongoing care and treatment in an amount according to proof.

23.   As a direct and proximate result of the wrongful conduct of defendants, as set forth above, Plaintiff has sustained non-economic damages according to proof, including, but not limited to, damages for pain, suffering, and severe, and permanent emotional distress and damage.

24.   As a proximate result of defendants' conduct, Plaintiff suffered severe and extreme emotional distress, fear, terror, anxiety, humiliation, and loss of his sense of security, dignity, and pride as a United States citizen.

25.    Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under law. Plaintiff is therefore entitled to an award of all costs and attorney's fees incurred in relation to this action for violation of his civil rights.

## FIRST CAUSE OF ACTION
### (42 U.S.C. Section 1983)
**(Against Defendants ENG, ANDERSON and ROGERS and DOES 1 to 25)**

26.    Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 25 of this Complaint.

27.    In doing the acts complained of herein, Defendants ENG, ANDERSON and ROGERS and DOES 1 to 25, inclusive, and/or each of them, acted under color of law to deprive Plaintiff of certain constitutionally protected rights, including, but not limited to:

a.    The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

b.    The right to due process of law as guaranteed by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution;

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
### (42 U.S.C. section 1983)
**(Against Defendant COUNTY OF SANTA CLARA and the COUNTY OF SANTA CLARA SHERIFFS DEPARTMENT)**

28.    Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 27 of this Complaint.

29.    As against Defendant COUNTY, Defendant DEPARTMENT and/or DOES 1-25 in his/her/their capacity as official policy-maker(s) for the COUNTY and DEPARTMENT, plaintiff further alleges that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of the COUNTY and DEPARTMENT tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the

1    abuse of police/sheriff authority, and disregard for the constitutional rights of

2    citizens.

3    30.    Plaintiff is further informed and believes and thereon alleges that the acts and

4    omissions alleged herein are the direct and proximate result of the deliberate

5    indifference of Defendants COUNTY, DEPARTMENT, DOES 1-25, and each of

6    them, to repeated acts of police misconduct which were tacitly authorized,

7    encouraged or condoned by the Defendants COUNTY, DEPARTMENT, DOES

8    1-25, and each of them.

9    31.    The injuries and damages to Plaintiff as alleged herein were the foreseeable and

10    proximate result of said customs, policies, patterns and/or practices of Defendants

11    COUNTY, DEPARTMENT, DOES 1-25, and each of them.

12    32.    Plaintiff is further informed and believes and thereon alleges that the damages

13    sustained as alleged herein were the direct and proximate result of municipal

14    customs and/or policies of deliberate indifference in the training, supervision

15    and/or discipline of members of the Defendant DEPARTMENT.

16    33.    Plaintiff is further informed and believes and upon such information and belief

17    alleges that Plaintiffs damages and injuries were caused by customs, policies,

18    patterns or practices of Defendants COUNTY, DEPARTMENT, DOES 1-25, and

19    each of them, of deliberate indifference in the training, supervision and/or

20    discipline of Defendants COUNTY, DEPARTMENT, DOES 1-25, and each of

21    them.

22    34.    The aforementioned customs, policies or practices of Defendants COUNTY,

23    DEPARTMENT, DOES 1-25, and each of them, and each of them, resulted in the

24    deprivation of Plaintiffs constitutional rights including, but not limited to, the

25    following:

26    a.    The right to be free from unreasonable searches and seizures, as

27    guaranteed by the Fourth and Fourteenth Amendments to the United

28    States Constitution;

b.    The right to due process of law as guaranteed by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution;

35.    These rights are substantive guarantees under Fifth, Eighth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
### (Assault and Battery)
**(Against Defendants ENG, ANDERSON and ROGERS and DOES 1 to 25)**

36.    Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 35 of this Complaint.

37.    Defendants ENG, ANDERSON and ROGERS and DOES 1 to 25, inclusive, placed Plaintiff in immediate fear of death and severe bodily harm by attacking and battering him without any just provocation or cause.

38.    These defendants' conduct was neither privileged nor justified under statute or common law.

39.    As a proximate result of defendants' conduct, Plaintiff suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
### (False Imprisonment)
**(Against Defendants ENG, ANDERSON and ROGERS and DOES 1 to 25)**

40.    Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 39 of this Complaint.

41.    Defendants ENG, ANDERSON and ROGERS and DOES 1 to 25, inclusive, falsely imprisoned Plaintiff without probable cause.

42.    Plaintiff had not committed any of the crimes and there was no basis upon which Defendants could have reasonably believed that plaintiff had committed any crime.

43.    Defendants ENG, ANDERSON and ROGERS and DOES 1 to 25, inclusive, failed to observe proper procedures in falsely imprisoning Plaintiff without probable

1    cause. These Defendants exceeded the limits of their authority as police officers

2    and/or Deputy Sheriffs in falsely imprisoning the plaintiff without probable cause.

3    44.    As a proximate result of Defendants' conduct, Plaintiff suffered damages as

4    hereinafter set forth.

5    WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

6                              **FIFTH CAUSE OF ACTION**
                        **(Intentional Infliction of Emotional Distress)**
7    **(Against Defendants ENG, ANDERSON and ROGERS and DOES 1 to 25)**

8    45.    Plaintiff hereby realleges and incorporates by reference herein paragraphs 1

9    through 44 of this Complaint.

10   46.    The conduct of Defendants ENG, ANDERSON and ROGERS and DOES 1 to 25,

11   inclusive, as set forth herein, was extreme and outrageous and beyond the scope

12   of conduct which should be tolerated by citizens in a democratic and civilized

13   society.

14   47.    Defendants committed these extreme and outrageous acts with the intent to inflict

15   severe mental and emotional distress upon Plaintiff.

16   48.    As a proximate result of Defendants' willful, intentional and malicious conduct,

17   plaintiffs suffered severe and extreme mental and emotional distress. Therefore,

18   Plaintiff is entitled to an award of punitive damages as against said defendants.

19   Plaintiff has suffered damages as hereinafter set forth.

20   WHEREFORE., Plaintiff prays for relief as hereinafter set forth.

21                              **SIXTH CAUSE OF ACTION**
                        **(Negligent Infliction of Emotional Distress)**
22   **(Against Defendants ENG, ANDERSON and ROGERS and DOES 1 to 25)**

23   49.    Plaintiff hereby realleges and incorporates by reference herein paragraphs 1

24   through 48 of this Complaint, except for any and all allegations of intentional,

25   malicious, extreme, outrageous, wanton, and oppressive conduct by defendants,

26   and any and all allegations requesting punitive damages.

27   50.    The wrongful conduct of Defendants ENG, ANDERSON and ROGERS and DOES

28   1 to 25, inclusive, as set forth herein, constitutes negligent conduct done with

conscious disregard for the rights of Plaintiff.

51.    As a proximate result of Defendants' negligent conduct, Plaintiff has suffered severe emotional and mental distress, having a traumatic effect on Plaintiff's emotional tranquility.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SEVENTH CAUSE OF ACTION
#### (Violation of California Civil Code Section 51.7)
#### (Against All Defendants)

52.    Plaintiff hereby realleges and incorporates by reference herein paragraphs I through 51 of this Complaint.

53.    Plaintiff is informed and believes and thereon alleges that the conduct of Defendants ENG, ANDERSON and ROGERS and DOES 1 to 25, inclusive, as described herein, was intended to intimidate him by violence and threat of violence against him.

54.    In engaging in such conduct, defendants violated Plaintiff's rights under California Civil Code Section 51.7 to be free from violence, or intimidation by threat of violence committed against him.

55.    Under the provisions of California Civil Code Section 52(b), Defendants are liable for all actual damages resulting from each violation of Civil Code Section 51.7, along with, an additional $25,000.00, punitive damages, and for reasonable attorney's fees.

WHEREFORE, Plaintiff prays for relief, as hereinafter set forth.

### EIGHTH CAUSE OF ACTION
#### (Violation of California Civil Code Section 52.1)
#### (Against All Defendants)

56.    Plaintiff hereby realleges and incorporates by reference herein paragraphs I through 55 of this Complaint.

57.    The conduct of Defendants ENG, ANDERSON and ROGERS and DOES 1 to 25, inclusive, as described herein, acting in the course and scope of their employment for Defendants COUNTY and DEPARTMENT, violated California Civil Code Section 52.1, in that they interfered with Plaintiffs exercise and enjoyment of his

1    civil rights, through use of wrongful and excessive force, and failure to make any
2    proper or reasonable detention of said Plaintiff.

3   58    As a direct and proximate result of Defendants' violation of Civil Code Section
4    52.1, Plaintiff suffered violation of his constitutional rights, and suffered damages
5    as set forth herein.

6   59.    Since this conduct occurred in the course and scope of their employment,
7    Defendant COUNTY and DEPARTMENT is therefore liable to Plaintiff pursuant
8    to the doctrine of respondeat superior.

9   60.    Plaintiff is entitled to injunctive relief and an award of his reasonable attorney's
10    fees pursuant to Civil Code Section 52.1(h).

11    WHEREFORE, Plaintiff prays for relief, as hereinafter set forth.

12    ## TENTH CAUSE OF ACTION
### (Negligence)
13    ### (Against All Defendants)

14   61.    Plaintiff realleges and incorporates by reference herein paragraphs 1 through 60
15    of this complaint, except for any and all allegations of intentional, malicious,
16    extreme, outrageous, wanton, and oppressive conduct by defendants, and any
17    and all allegations requesting punitive damages.

18   62.    At all times herein mentioned, Defendants ENG, ANDERSON and ROGERS and
19    DOES 1 to 25, inclusive, were subject to a duty of care to avoid causing
20    unnecessary physical harm and distress to persons through their use of force and
21    making of arrests.

22   63.    The wrongful conduct of Defendants, as set forth herein, did not comply with the
23    standard of care to be exercised by reasonable persons, proximately causing
24    plaintiff to suffer injuries and damages as set forth herein.

25   64.    Pursuant to Government Code Section 815.2(a), Defendants COUNTY and
26    DEPARTMENT is vicariously liable to Plaintiff for his injuries and damages
27    suffered as alleged herein, incurred as a proximate result of the aforementioned
28    wrongful conduct of Defendants.

65.    As a proximate result of Defendants' negligent conduct, Plaintiff suffered severe physical injury, severe emotional and mental distress, injury having a traumatic effect on Plaintiff s emotional tranquility, and suffered damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## ELEVENTH CAUSE OF ACTION
**(Negligent Hiring, Retention, Training, Supervision, and Discipline)**
**(Against Defendants COUNTY, DEPARTMENT and DOES 1-25)**

66.    Plaintiff realleges and incorporates by reference herein paragraphs 1 through 65 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

67.    At all times herein mentioned, Defendants COUNTY, DEPARTMENT and DOES 10-25, inclusive, by and through its supervisory employees, agents, and DOES 1-25, inclusive, had and has a mandatory duty of care to properly and adequately hire, train, retain, supervise, and discipline its police officers so as to avoid unreasonable risk of harm to citizens.

68.    With deliberate indifference, Defendants COUNTY, DEPARTMENT and DOES 10-25, inclusive, failed to take necessary, proper, or adequate measures in order to prevent the violation of Plaintiff's rights and injury to said Plaintiff.

69    Defendants COUNTY, DEPARTMENT and DOES 10-25, inclusive, breached their duty of care to citizens in that COUNTY, DEPARTMENT and DOES 10-25, inclusive, failed to adequately train its police officers and Deputy Sheriffs, including Defendants ENG, ANDERSON and ROGERS and DOES 1 to 25, inclusive, in the proper and reasonable use of force, the proper and reasonable making of detentions, and/or failed to have adequate policies and procedures regarding the proper and reasonable use of force, and/or the proper and reasonable making of detentions.

70.    This lack of adequate supervisorial training, and/or policies and procedures demonstrates the existence of an informal custom or policy of promoting, tolerating, and/or ratifying the continuing use of excessive and unreasonable force

1     by police officers and sheriffs employed by COUNTY and DEPARTMENT, and/or

2     the continuing failure to make proper and reasonable detentions by police officers

3     and sheriffs employed by the COUNTY and DEPARTMENT.

4     71.   As a proximate result of the Defendants COUNTY, DEPARTMENT and DOES

5           10-25, inclusive 's negligent conduct, Plaintiff suffered severe physical injury,

6           severe emotional and mental distress, injury having a traumatic effect on Plaintiff's

7           emotional tranquility, and suffered damages.

8           WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

9                              **JURY DEMAND**

10    72.   Plaintiff hereby demands a jury trial in this action.

11                               **PRAYER**

12          WHEREFORE, Plaintiff prays for relief, as follows:

13          1.    For general damages in a sum according to proof;

14          2.    For special damages in a sum according to proof;

15          3.    For punitive damages in a sum according to proof;

16          4.    For injunctive relief enjoining Defendants COUNTY and DEPARTMENT

17                from authorizing, allowing, or ratifying the practice by any police officer or

18                sheriff employee of Defendant COUNTY and DEPARTMENT from using

19                excessive and unreasonable force against persons, pursuant to California

20                Civil Code Section 52.1;

21          5.    For violation of California Civil Code Sections 52 and 52.1, statutory

22                damages, and reasonable attorney's fees;

23          6.    For violation of California Civil Code Section 51.7 pursuant to California

24                Civil Code section 52(b), punitive damages against Defendant police

25                officers and sheriff's deputies, $25,000.00 for each offense and reasonable

26                attorney's fees;

27          7.    For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

28          8.    For reasonable attorney fees and costs pursuant to Code of Civil

                  Procedure sections 1021.4 and 1021.5;

1    9.    For cost of suit herein incurred; and

2    10.    For such other and further relief as the Court deems just and proper.

3

Dated: February *15*, 2008          CORSIGLIA, McMAHON & ALLARD, LLP

4

5

By: _____

6          TIMOTHY D. McMAHON, ESQ.
           Attorneys for Plaintiff

7

8

M:\TDM\masters, nick\complaint\Complaint.wpd

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CIVIL LAWSUIT NOTICE**

**ATTACHMENT CV-5012**

CASE NUMBER: _____

*Superior Court of California, County of Santa Clara*
*191 N. First St., San Jose, CA 95113*

| READ THIS ENTIRE FORM | 108CV105971 |

PLAINTIFFS (the person(s) suing): Within 60 days after filing the lawsuit, you must serve each defendant with the *Complaint,
Summons,* an *Alternative Dispute Resolution (ADR) Information Sheet,* and a copy of this *Civil Lawsuit Notice,* and you must file written
proof of such service.

---

DEFENDANTS (The person(s) being sued): **You must do each of the following to protect your rights:**

1. You must file a written response to the *Complaint,* in the Clerk's Office of the Court, within 30 days of
   the date the *Summons* and *Complaint* were served on you;
2. You must send a copy of your written response to the plaintiff; and
3. You must attend the first Case Management Conference.

**Warning: If you do not do these three things, you may automatically lose this case.**

---

RULES AND FORMS: You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil
Rules and use proper forms. You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center
at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm
- Rose Printing: 408-293-8177 or becky@rose-printing.com (there is a charge for forms)

For other local legal information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

CASE MANAGEMENT CONFERENCE (CMC): You must meet with the other parties and discuss the case, in person or by telephone,
at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form
CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.*

---

Your Case Management Judge is: **Neal A Cabrinha** _____ Department: **10**

The 1st CMC is scheduled for: (Completed by Clerk of Court)

Date: **07·08·08** Time: **3:45 PM** in Department **10**

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)

Date: _____ Time: _____ in Department _____

---

ALTERNATIVE DISPUTE RESOLUTION (ADR): If all parties have appeared and filed a completed *ADR Stipulation Form* (local form
CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the
Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers
and their qualifications, services, and fees.

WARNING: Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

**CIVIL LAWSUIT NOTICE**

Superior Court of California, County of Santa Clara
191 N. First St., San Jose, CA 95113

ATTACHMENT CV-5012

CASE NUMBER: _____

| READ THIS ENTIRE FORM | 108CV105971 |

<u>PLAINTIFFS</u> (the person(s) suing):  Within 60 days after filing the lawsuit, you must serve each defendant with the *Complaint, Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

> **DEFENDANTS** (The person(s) being sued):  You must do each of the following to protect your rights:
>
> 1. You must file a written response to the *Complaint*, in the Clerk's Office of the Court, within **30 days** of the date the *Summons* and *Complaint* were served on you;
> 2. You must send a copy of your written response to the plaintiff; and
> 3. You must attend the first Case Management Conference.
>
> **Warning: If you do not do these three things, you may automatically lose this case.**

<u>RULES AND FORMS:</u>  You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms.  You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm
- Rose Printing:  408-293-8177 or becky@rose-printing.com (there is a charge for forms)

For other local legal information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

<u>CASE MANAGEMENT CONFERENCE (CMC):</u>  You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC.  You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

**You or your attorney must appear at the CMC.  You may ask to appear by telephone – see Local Civil Rule 8.**

Your Case Management Judge is: _Neal A Cabrinha_    Department: **10**

The 1st CMC is scheduled for: (Completed by Clerk of Court)
  Date: **07·08·08**  Time: **3:45 PM**  in Department **10**

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)
  Date: _____  Time: _____  in Department _____

<u>ALTERNATIVE DISPUTE RESOLUTION (ADR):</u>  If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference.  Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

<u>WARNING:</u>  Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

Form CV-5012
Rev. 07/01/07

**CIVIL LAWSUIT NOTICE**

Page 1 of 1

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
## ALTERNATIVE DISPUTE RESOLUTION
### INFORMATION SHEET / CIVIL DIVISION

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*

ADR can have a number of advantages over litigation:

< **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

< **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

< **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

< **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

< **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*

< **Mediation** is an informal, confidential process in which a neutral party (the mediator) assists the parties in understanding their own interests, the interests of the other parties, and the practical and legal realities they all face. The mediator then helps the parties to explore options and arrive at a mutually acceptable resolution of the dispute. The mediator does not decide the dispute. The parties do.

< Mediation may be appropriate when:
  < The parties want a non-adversary procedure
  < The parties have a continuing business or personal relationship
  < Communication problems are interfering with a resolution
  < There is an emotional element involved
  < The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

CV-5003 REV 5/06

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Timothy D. McMahon, Esq., SBN 117024<br>CORSIGLIA, McMAHON & ALLARD, LLP<br>96 N. Third Street, Suite 620<br>San Jose, CA 95112<br><br>TELEPHONE NO.: 408-289-1417    FAX NO.: 408-287-8127<br>ATTORNEY FOR *(Name):* Plaintiff, NICK MASTERS | **FOR COURT USE ONLY**<br><br>G. Duarte |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SANTA CLARA
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS: 191 N. First Street
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME:

CASE NAME:    MASTERS v. COUNTY OF SANTA CLARA, et al.

| **CIVIL CASE COVER SHEET**<br>[X] Unlimited  [ ] Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000)  $25,000 or less) | **Complex Case Designation**<br>[ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>1 0 8 C V 1 0 5 9 7 1 |
|---|---|---|
| | | JUDGE: |
| | | DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[X] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve       in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [ ] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* Eleven (11)
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 15, 2008

Timothy D. McMahon, Esq., SBN 117024
_____
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

| **NOTICE** |
|---|
| • Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.<br>• File this cover sheet in addition to any cover sheet required by local court rule.<br>• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.<br>• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only. |

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**    Legal
Solutions
Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

RD.SUP.'08HMK15PM 4:21

# SUMMONS
## (CITACION JUDICIAL)

**HAND-DELIVERED**

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
COUNTY OF SANTA CLARA, SANTA CLARA COUNTY SHERIFF'S DEPARTMENT, DEPUTY ENG, individually, and in his capacity as a Deputy Sheriff for the COUNTY OF SANTA CLARA, DEPUTY ROGERS, individually, and in his capacity as a Deputy Sheriff for the COUNTY OF SANTA CLARA, and DOES 1-25, inclusive, and DEPUTY ANDERSON, individually, and in his capacity as a Deputy Sheriff for the COUNTY OF SANTA CLARA.

**YOU ARE BEING SUED BY PLAINTIFF:** COUNTY OF SANTA CLARA.
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

NICK MASTERS

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

Board # 07-127
Original: Clerk of the Board
CC: County Counsel
ESA Insurance
Date & Initial: 4/15/08 JH

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SANTA CLARA COUNTY SUPERIOR COURT
191 N. First Street
San Jose, CA 95113

CASE NUMBER:
*(Número del Caso):* 108CV105971

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Timothy D. McMahon, Esq., SBN 117024
CORSIGLIA, McMAHON & ALLARD, LLP        408-289-1417        408-287-8127
96 N. Third Street, Suite 620
San Jose, CA 95112

DATE: FEB 15 2008        Kiri Torre, Clerk, by _____ G. Duarte _____, Deputy
*(Fecha)*                *(Secretario)*                                                          *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* SANTA CLARA COUNTY SHERIFF'S DEPARTMENT

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☑ other *(specify):* PUBLIC ENTITY CCP 416.50 public entity
4. ☑ by personal delivery on *(date):*

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal Solutions Plus

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465

JS 44 - CAND (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

## I. (a) PLAINTIFFS
NICK MASTERS

E-FILING

## DEFENDANTS
COUNTY OF SANTA CLARA, SANTA CLARA COUNTY SHERIFF'S DEPARTMENT, DEPUTY ENG, individually and in his capacity as a Deputy Sheriff for the County of Santa Clara, DEPUTY ROGERS, individually and in his capacity as a Deputy Sheriff for the County of Santa Clara, DEPUTY ANDERSON, individually and in his capacity as a Deputy Sheriff for the County of Santa Clara, and DOES 1-25

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    SANTA CLARA
(EXCEPT IN U.S. PLAINTIFF CASES)

ADR

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    SANTA CLARA
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Timothy D. McMahon, Esq. (SB #117024)
CORSIGLIA, McMAHON & ALLARD LLP
96 North Third Street, Suite 620
San Jose, CA  95112
(408) 289-1417

ATTORNEYS (IF KNOWN)
ANN MILLER RAVEL, County Counsel (SB #62139)
DANIEL J. BORDEN, Deputy County Counsel (SB #111998)
OFFICE OF THE COUNY COUNSEL
70 W. Hedding Street, East Wing, Ninth Floor
San Jose, CA  95110-1770    (408)299-5900

C08 02473 PVT

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For diversity cases only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault Libel & Slander
- [ ] 330 Federal Employers Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

**PERSONAL INJURY**
- [ ] 362 Personal Injury Med Malpractice
- [ ] 365 Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth In Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### CIVIL RIGHTS
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing
- [ ] 444 Welfare
- [X] 445 Amer w/ disab - Empl
- [ ] 446 Amer w/ disab - Other

### PRISONER PETITIONS
- [ ] 510 Motion to Vacate Sentence Habeas Corpus:
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

### FORFEITURE/PENALTY
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 RR & Truck
- [ ] 650 Airline Regs
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt Relations
- [ ] 730 Labor/Mgmt Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (US Plaintiff or Defendant)
- [ ] 871 IRS - Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Satellite TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes
- [ ] 890 Other Statutory Actions

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
Complaint alleges excessive force, illegal seizure in violation of U.S. Constitution. Claim brought pursuant to 28 U.S.C. section 1983.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS A CLASS ACTION  DEMAND $ 0
UNDER F.R.C.P. 23
- CHECK YES only if demanded in complaint:
JURY DEMAND: [X] YES  [ ] NO

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AN "X" IN ONE BOX ONLY)
- [ ] SAN FRANCISCO/OAKLAND
- [X] SAN JOSE

DATE May 14, 2008    SIGNATURE OF ATTORNEY OF RECORD

NDC-JS44